IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JERNAE DAVIS, | * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-22-1320 |
| STATE FARM LIFE INS. COMPANY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Jernae Davis ("Plaintiff") filed this action against Defendant State Farm Life Insurance Company ("State Farm"), seeking to claim the proceeds of her husband's life insurance policy. ECF 1. The parties have filed cross-motions for summary judgment. ECF 15, 16. This Court held an initial motions hearing on January 9, 2023. This Court has reviewed the parties' motions, along with the relevant oppositions, replies, and Plaintiff's supplemental correspondence. ECF 17, 18, 27. For the reasons that follow, this Court will defer rulings on the dispositive motions pending a hearing to consider any parol evidence the parties wish to present.

I.  **FACTUAL BACKGROUND**

On May 19, 2021, Plaintiff and her husband, James Glover, filed a joint application for life insurance benefits with State Farm. ECF 15-4. The application, as to Glover, answered "No" to the following two questions, including subparts:

13. Criminal Charges and Convictions

   a. In the last **three (3) years,** have you been involved in any of the following? *(If yes, select all that apply.)*
      - Convicted of or pleaded guilty to any felony?
      - Charged with a crime (with charges pending at this time)?
      - Placed on supervised release/parole or probation?

- Incarcerated or facing incarceration as a result of a guilty plea or conviction?

b. In the last **three (3) years,** have you been convicted of or pleaded guilty to driving under the influence of alcohol or drugs?

*Id.* at 9.

Glover signed the application via electronic signature and voice signature. *Id.* at 13, 16. The receipt State Farm sent to Glover stated that State Farm would provide the coverage sought but that "[t]here is no coverage under this Receipt if the application contains any material misrepresentation." ECF 15-5 at 2.

At the time he signed the application on May 19, 2021, Glover had pending criminal citations in the Maryland District Court for Anne Arundel County for allegedly driving under the influence of alcohol on October 26, 2020. ECF 15-6, 15-7, 15-8. He had requested a trial on the charges and his attorney had filed motions on his behalf. ECF 15-7, 15-8.

In the summer of 2021, Glover was murdered and his wife, Plaintiff, made a claim for life insurance benefits. ECF 15-3 ¶ 8. While investigating the claim, State Farm learned of Glover's pending criminal charge and declined coverage, citing his material misrepresentation on the policy application. ECF 15-9.

II. **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a

genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

III.   ANALYSIS

Insurance applications are construed under the same standards as insurance policies. *See Certain Underwriters of Lloyd's, London v. Cohen*, 785 F.3d 886, 891–92 (using standards for interpreting insurance policies to consider alleged ambiguities in application questions).

Additionally, Maryland law treats insurance policies the same as any other contract, and does not require that the policies automatically "be construed most strongly against the insurer." *Catalina Enters., Inc. Pension Tr. v. Hartford Fire Ins. Co.*, 67 F.3d 63, 65 (4th Cir. 1995) (citing *Collier v. MD-Individual Practice Ass'n*, 327 Md. 1, 5 (1992)). Instead, Maryland courts review the policy as a whole in order to ascertain the parties' intent. *Cheney v. Bell Nat'l Life Ins. Co.*, 315 Md. 761, 766–67 (1989). "[W]here a contract is plain and unambiguous, there is no room for construction." *Bd. of Trs. of State Colls. v. Sherman*, 280 Md. 373, 380 (1977).

When looking at the application's text, courts must "accord words their ordinary and accepted meanings," or that meaning which "a reasonably prudent layperson would attach to the term," *Pac. Indem. Co. v. Interstate Fire & Cas. Co.*, 302 Md. 383, 388 (1985), absent evidence that the parties intended to employ the term in question "in a special or technical sense," *Cheney*, 315 Md. at 766. The parties' intent can also be derived from "the character of the contract, its object and purposes, and the factual circumstances of the parties at the time of execution." *Catalina*, 67 F.3d at 65 (citing *Collier*, 327 Md. at 5). Courts may determine questions of interpretation as a matter of law, so long as (1) the provision's text is unambiguous, or (2) if the text is ambiguous, "if there is no factual dispute in the evidence." *Pac. Indem.*, 302 Md. at 389. Where the text is ambiguous, the Court may consult extrinsic evidence. *Clendenin Bros. v. U.S. Fire Ins. Co.*, 390 Md. 449, 459 (2006). Ambiguity exists where a term in a policy, "when read by a reasonably prudent person," is "susceptible of more than one meaning." *United Servs. Auto Ass'n v. Riley*, 393 Md. 55, 80 (2006).

If, after considering extrinsic evidence, an ambiguity remains and there is no material evidentiary factual dispute, the ambiguity is construed against the drafter, which is generally the insurer. *See, e.g.*, *Beale v. American Nat'l Lawyers Ins. Reciprocal (Risk Retention Group)*, 379

Md. 643, 660 (2004); *see also Haynes v. Am. Cas. Co.*, 228 Md. 394, 400 (1962) ("[W]here an insurance company, in attempting to limit coverage, employs ambiguous language, the ambiguity will be resolved against [the insurer] as the one who drafted the instrument, as is true in the construction of contracts generally.").

With these principles in mind, the Court begins with the text of this application. State Farm argues that the language "charged with a crime" is unambiguous. In a vacuum, Defendant's argument that the plain language of that phrase is clear and unambiguous might carry the day. But this Court must consider the question in context. Here, the same question in the insurance application includes an entirely separate subpart addressing "driving under the influence of alcohol or drugs," which asks only about convictions or guilty pleas, not pending charges. A reasonably prudent person looking at the application, then, could believe that "driving under the influence," in subsection "b," was separate from the "crimes" being asked about in subsection "a" of the same question. The application could have resolved the ambiguity in any number of ways, such as using the phrase "crime (including driving under the influence or serious traffic offense)" in subsection "a" or by asking specifically about charges for driving under the influence in subsection "b." It did not employ either approach. In context, then, the question about whether the applicant has been "charged with a crime" is ambiguous as to whether it was intended to include driving under the influence. *See Certain Underwriters of Lloyd's*, 785 F.3d at 892 ("The Court of Appeals of Maryland has repeatedly made clear that an insurance application, as 'a condition precedent' to an insurer's reliance on it, 'must be reasonably designed to elicit from [the applicant] the information which he possesses, material to the risk.'") (internal quotations omitted) (alteration in original).

The next step, then, is for this Court to look to extrinsic evidence to determine whether such evidence sheds light on the parties' understanding of the application questions. At a hearing

on January 9, 2023, counsel for State Farm proffered that it would seek to introduce extrinsic evidence, specifically testimony from the agent who reviewed the insurance application with Plaintiff and her husband. While Plaintiff's counsel suggested that review of extrinsic evidence might be unnecessary, his subsequent filing seems to concede that such review is the appropriate next step if the language of the application is deemed ambiguous. This Court agrees.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, this Court will conduct a hearing to consider any parol evidence the parties wish to present. The parties are ORDERED to confer as to a timetable for a prompt exchange of discovery regarding the extrinsic evidence and should contact chambers within one week to propose the appropriate timing and duration for the in-court evidentiary hearing.


Dated: February 2, 2023                            /s/
                                          Stephanie A. Gallagher
                                          United States District Judge